# NO. 12-04-00084-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FIDELITY AND GUARANTY INSURANCE CO., APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *DREWERY CONSTRUCTION CO., INC., APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

On January 7, 2004, the trial court granted a default judgment against Appellant Fidelity & Guaranty Insurance Company. On March 12, 2004, Appellant filed a motion for new trial, which was denied by order signed on March 19, 2004. On March 22, 2004, Appellant filed a notice of appeal from the default judgment.

On March 29, 2004, this Court notified Appellant, pursuant to rule of appellate procedure 42.3, that its notice of appeal was not timely filed and there was no timely motion for extension of time to file the notice as permitted by rule of appellate procedure 26.3. Appellant was further notified that the appeal would be dismissed unless, on or before April 8, 2004, the information was amended to show the jurisdiction of this Court. In response to our letter, Appellant informed us that it did not receive notice of the signing of the default judgment until more than twenty days after the judgment was signed. Appellant further informed us that it had filed a motion pursuant to rule of civil procedure 306(a)(5) to establish the operative date of the judgment. However, Appellant stated that the trial court did not sign a written order, as required by rule of appellate procedure 4.2(c), finding the date when Appellant or Appellant's attorney first either received notice or acquired actual knowledge that the judgment was signed. Accordingly, we abate the appeal and remand the cause

for a hearing to provide Appellant an opportunity to obtain the requisite finding and order.

The parties' attorneys are directed to contact the trial court coordinator to set the hearing date and to notify all parties and the court reporter of such date. The hearing shall be set for a date no later than sixty days from the date of this opinion. The trial court coordinator shall advise the Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the hearing and shall make findings of fact and conclusions of law. A supplemental record from the hearing and the trial judge's findings and conclusions shall be sent to this Court no later than fifteen days after the date of the hearing. No later than the date for filing the reporter's record, the clerk of the trial court shall file a supplemental record including the trial court's order finding the date of notice.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated when the supplemental record, the trial judge's findings of fact and conclusions of law, and the order are filed here.

*Appeal abated*.

**SAM GRIFFITH**
Justice

Opinion delivered May 12, 2004.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*

(PUBLISH)

2



# ORDER

MAY 12, 2004

## NO. 12-04-00084-CV

**FIDELITY AND GUARANTY INSURANCE COMPANY,**
Appellant

V.

**DREWERY CONSTRUCTION CO., INC.,**
Appellee

Appeal from the 145th Judicial District Court
of Nacogdoches County, Texas. (Tr.Ct.No. C19,776-2003)

THIS CAUSE is **ABATED** and **REMANDED** to the trial court for a hearing to find the date when Appellant or Appellant's attorney first either received notice or acquired actual knowledge that the judgment was signed. The parties' attorneys are directed to contact the trial court coordinator to set the hearing date and to notify all parties and the court reporter of such date. The hearing shall be set for a date no later than sixty days from the date of this order. The trial court coordinator shall advise the Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the hearing and shall make findings of fact and conclusions of law. A supplemental record from the hearing and the trial judge's findings and conclusions shall be sent to this Court no later than fifteen days after the date of the hearing. The trial court shall also sign an order stating the date of notice as required by rule of appellate procedure 4.2(c). No later than the date for filing the reporter's record, the clerk of the trial court shall file a supplemental record including the trial court's order finding the date of notice.

The appeal is **ABATED**, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated when the supplemental record and the trial judge's findings of fact and conclusions of law, and the order are filed here.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*